Samuel Rabin, J.
Application for an order invalidating a certificate of redemption issued by the Sheriff of the City of New York, Queens Division, to the respondent the Quadrena Corporation, and directing the Sheriff to issue a certificate of redemption and a deed to the petitioner. The problem presented by this proceeding is the right of several creditors to redeem successively after a Sheriff’s sale of a debtor’s property.
On April' 15,1955, the Sheriff of the City of New York, Queens Division, conducted a sale by virtue of an execution issued upon a judgment of the Municipal Court in favor of the president and directors of the Manhattan Company against James M. Catlin and Mary Catlin, which judgment had been docketed in the office of the clerk of the County of Queens on December 15, 1954. By said sale the Sheriff sold certain real property known by the street number 143-17 •— 109th Avenue, South Ozone Park, *460 Queens County, New York. The purchaser at the sale was the Inclover Estates Realty Corp., whose bid of $1,505 was the highest made at the sale. On April 3, 1956, Inclover assigned the certificate of sale to the Quadrena Corporation. The judgment debtors failed to exercise their right to redeem the property within the one-year period allowed by section 724 of the Civil Practice Act. The property could, therefore, be redeemed by creditors within three months thereafter. (Civ. Prac. Act, § 727.)
On May 9, 1956, the property was redeemed by Abcom Holding Corp., as assignee of a mortgage made by the judgment debtors on March 30, 1953. Abcom paid the Sheriff $1,617.39 comprising the purchase price of $1,505 together with interest at the rate of 7% in the amount of $112.39. At the time of the redemption Abcom filed a certified copy of the assignment of the mortgage and a certificate of satisfaction of said mortgage which at the time had been reduced to $970.
On July 6, 1956, the Quadrena Corporation redeemed the property as assignee of a judgment obtained by Citizens Casualty Company against James M. Gatlin, one of the judgment debtors, docketed in the Queens County Clerk’s office on April 13, 1956, and assigned to the Quadrena Corporation on June 1, 1956. The redemption price was $2,617.79, comprising the $1,617.39 paid by Abcom, the balance of $970.20 due on the mortgage held by Abcom, and $30.20 interest at the rate of 7% from May 9 to July 6, 1956. At the time of the redemption Quadrena filed the necessary papers including a satisfaction of its judgment.
On July 11, 1956, the petitioner redeemed the property as assignee of a judgment obtained by Colonial Trust Company on June 17, 1955, and docketed in the Queens County Clerk’s office on April 4, 1956. The judgment was originally in the sum of $407.42, but had been reduced to $359.42. Petitioner paid the Sheriff $2,620.34, comprising $2,617.79 paid by Quadrena together with $2.55 interest at the rate of 7%. Petitioner filed the necessary papers including a satisfaction of its judgment. Since petitioner’s judgment was senior to that held by Quadrena, petitioner was not required to pay Quadrena’s judgment. The 15-month period within which creditors could redeem expired on July 15, 1956, but since that day was a Sunday they could still redeem on the next day. (General Construction Law, § 25-a.) After the expiration of 15 months creditors may still redeem from one another provided they do so within 24 hours after the previous redemption. (Civ. Prac. Act, § 732.)
*461 On July 16, 1956, Quadrena, as a junior creditor whose judgment had not been paid by the redeeming creditor, again redeemed the premises by paying the Sheriff $3,005.67, comprising the $2,620.34 paid by the petitioner, $382.78 the amount of the judgment held by petitioner with interest, and $2.58 representing interest at the rate of 7%.
On July 17, 1956, petitioner again redeemed the property as assignee of a mortgage made by the judgment debtors on March 10, 1953, and held by the Greenpoint Savings Bank. Petitioner paid the Sheriff $3,006.25 representing the $3,005.67 paid by Quadrena together with 58 cents interest at the rate of 7%. At the time of the redemption petitioner filed the necessary papers together with a satisfaction of the mortgage in the reduced amount of $3,413.27. Since petitioner was again the senior creditor it was not required to satisfy Quadrena’s judgment.
On July 18, 1956, Quadrena again redeemed the property by paying the Sheriff $6,420.77, comprising the $3,006.25 paid by the petitioner, $3,413.27 in payment of the mortgage held by petitioner and $1.25 representing interest at the rate of 7%.
On July 18, 1956, the under-sheriff notified petitioner’s attorney, who was also the secretary-treasurer of petitioner, that Quadrena had again redeemed. Petitioner’s attorney protested that Quadrena was not entitled to redeem again. It appears that petitioner’s attorney thought that the figure which the under-sheriff had quoted to him on July 17, 1956, to wit, $3,006.25, included the amount necessary to pay off the junior judgment and petitioner claims that it was its intention to pay off Quadrena’s junior lien. It will be noted, however, that the amount paid by petitioner on July 17, 1956, was only 58 cents higher than the amount paid by Quadrena on July 16, 1956, which obviously represented only interest. Whatever petitioner’s intention may have been, it is apparent that petitioner did not pay a sum sufficient to satisfy the junior creditor’s judgment on July 17,1956, the last day on which petitioner could redeem.
On July 18, 1956, petitioner delivered an additional check for $512 to the Sheriff in satisfaction of Quadrena’s judgment. This payment, however, was one day too late for the petitioner since it was required to redeem on July 17, 1956. (Matter of Burdikoff, 251 App. Div. 826.) “ A redemption by a creditor is effected only when he has paid all the money required to be paid * * *, and a waiver of any of those requirements is void as against a person who is entitled subsequently to redeem. ’ ’ (Civ. Prac. Act, § 746.) It follows that petitioner failed to prevent Quadrena from again redeeming.
*462 A junior redeeming creditor whose judgment has not been paid by a senior redeeming creditor is permitted to redeem again as often as is necessary to protect the judgment which he satisfied when he redeemed and which has not been paid by a redeeming creditor whose judgment or mortgage is prior in right. (Civ. Prac. Act, § 730.)
The statute makes no mention of any right in a senior creditor to pay a junior creditor’s lien so as to prevent him from again redeeming. It is unnecessary, however, to decide whether a senior creditor has such a right for in the instant case petitioner failed to pay enough to satisfy Quadrena’s judgment, even if petitioner had such a right. It follows that Quadrena had the right to redeem again and did so on July 18, 1956. Quadrena is, therefore, entitled to receive the certificate of redemption and the deed from the Sheriff.
Petitioner raises the further point that the judgment held by Quadrena by assignment was in favor of the Citizens Casualty Company against James Gatlin only and not against the other judgment debtor as well. It contends, therefore, that Quadrena could redeem only the undivided share of James Gatlin. This argument overlooks the fact that the original sale was by virtue of a judgment in favor of the president and directors of the Manhattan Company against both debtors and that the purchaser at such sale, therefore, acquired the interest of both debtors. Section 738 of the Civil Practice Act provides that a creditor whose judgment is a lien upon an undivided share of the property may redeem from a purchaser the undivided share by paying a proportion of the purchase money “or he may redeem from a prior redeeming creditor the entire property redeemed by the latter, with like effect and in the same manner as if his lien attached to the whole.” Section 746 of the Civil Practice Act provides, in part, ‘ ‘ Where a redemption is thus effected, it vests in the redeeming creditor all the right, title and interest which the purchaser acquired by the sale.” Since the purchaser at the Sheriff’s sale acquired the interest of both debtors, it follows that Quadrena is vested with all the right, title and interest of both debtors by virtue of its last redemption.
Petitioner’s application is in all respects denied. Settle order.